## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIGROUP INC.<br>388 Greenwich Street<br>New York, NY 10013, | |
|         Plaintiff, | |
|   v. | |
| AT&T INC.<br>208 South Akard Street<br>Dallas, TX 75202; | |
| AT&T SERVICES, INC.<br>175 East Houston Street<br>San Antonio, TX 78205; | CASE NO. _____<br><br>JURY TRIAL DEMANDED |
| AT&T INTELLECTUAL PROPERTY<br>LLC<br>645 E. Plumb Lane<br>Reno, NV 89502; and | |
| AT&T INTELLECTUAL PROPERTY II,<br>L.P.<br>645 E. Plumb Lane<br>Reno, NV 89502 | |
|         Defendants. | |

## **COMPLAINT**

Citigroup Inc., by and through its undersigned counsel, brings this action against AT&T

Inc., AT&T Services, Inc., AT&T Intellectual Property LLC, and AT&T Intellectual Property II,

L.P. (collectively, "AT&T"), seeking injunctive relief and damages for trademark infringement,

false designation of origin, and unfair competition under the laws of the United States and the

State of New York.

## INTRODUCTION

1.      Citigroup Inc. ("Citigroup") is the leading financial services company, with approximately 200 million customer accounts in more than 160 countries and jurisdictions. Citigroup provides consumers, corporations, governments and institutions with a broad range of financial products and services, including consumer banking and credit, corporate and investment banking, securities brokerage, transaction services, and wealth management.

2.      Since 2004, Citigroup has offered customer loyalty, reward and redemption programs in connection with many of its credit cards, including its credit cards that are co-branded with AT&T, under trademarks consisting of and/or containing the term THANKYOU. Citigroup's THANKYOU customer loyalty, reward, and redemption programs have been extensively advertised and promoted by Citigroup since 2004 and currently have approximately 15 million members in the United States.

3.      Despite actual knowledge of Citigroup's substantial use of and exclusive rights in the THANKYOU Marks, Citigroup's use of the marks in connection with AT&T co-branded credit cards, and Citigroup's concerns regarding AT&T's proposed trademarks, AT&T launched a customer loyalty program under the trademarks "thanks" and "AT&T thanks" on or about June 2, 2016.

4.      AT&T's use of the "thanks" and "AT&T thanks" trademarks is likely to cause consumer confusion and constitutes trademark infringement, false designation of origin, and unfair competition in violation of Citigroup's rights.

5.      Citigroup therefore seeks to enjoin AT&T's infringing conduct and to recover damages based on the injury AT&T's conduct has caused to Citigroup as well as AT&T's unjust enrichment.

## PARTIES

6.     Citigroup Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 388 Greenwich Street, New York, NY 10013.

7.     AT&T Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 208 South Akard Street, Dallas, TX 75202.

8.     AT&T Services, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 175 East Houston Street, San Antonio, TX 78205.

9.     Upon information and belief, AT&T Intellectual Property, LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 645 E. Plum Lane, Reno, NV 89502.

10.     AT&T Intellectual Property II, L.P. is a limited partnership organized and existing under the laws of Nevada, having a principal place of business at 645 E. Plum Lane, Reno, NV 89502.

## JURISDICTION AND VENUE

11.     This is an action for infringement of federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; for federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for injury to business reputation under N.Y. General Business Law § 360-l; for deceptive trade practices under N.Y. General Business Law § 349; for trademark infringement in violation of the common law of New York; and for unfair competition in violation of the common law of New York.

12.     This court has subject matter jurisdiction over the federal claims relating to trademark infringement, false designation of origin and unfair competition under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

13.     This court also has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) as the parties are from different States and the matter in controversy exceeds $75,000.

14.     This court has supplemental jurisdiction over the New York state claims pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

15.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because Defendants have transacted business in and/or have committed tortious conduct within this judicial district, because the events or omissions giving rise to the claims occurred, in part, in the Southern District of New York.

### CITIGROUP'S THANKYOU CUSTOMER LOYALTY PROGRAMS AND MARKS

16.     For many years, Citigroup has used trademarks consisting of and/or containing the term THANKYOU, including THANKYOU, CITI THANKYOU, CITIBUSINESS THANKYOU. THANKYOU FROM CITI, and THANKYOU YOUR WAY, in connection with a variety of customer loyalty, reward, incentive and redemption programs (collectively, the "THANKYOU Marks").

17.     For example, Citigroup has offered THANKYOU-branded credit cardsand stored value pre-paid cards.  Approximately 7 million customers have THANKYOU-branded credit cards.  In addition, Citigroup customers also earn THANKYOU reward points by making financial transactions through qualifying checking accounts, credit card accounts, or other financial accounts.  THANKYOU customers can redeem their reward points for a diverse range of goods, services, and experiences, including, among other things, redeeming points to pay for goods and services from participating merchants, purchasing tickets for concerts, movies and sporting events, and obtaining gift cards for participating third-party businesses.  Citigroup's

customers can also share points with other customers and transfer THANKYOU points to third-party customer loyalty programs.

18.     Citigroup is the owner of, among other United States trademark applications and registrations, the following registrations for trademarks comprised of and/or containing the term THANKYOU with the United States Patent and Trademark Office ("USPTO").  Copies of the registration certificates for these marks are attached as Exhibit A.

| Mark | Registration Number | Services | Filing Date | Status |
|---|---|---|---|---|
| THANKYOU | Reg. 3,249,982 | Promoting the goods and services of others through credit card customer loyalty, reward and redemption programs. | 12/2/2004 | Incontestable |
| CITI THANKYOU | Reg. 3,948,111 | Credit card services. | 11/20/2007 | Incontestable |
| THANKYOU | Reg. 4,432,766 | Providing gift cards and stored value pre-paid card services. | 2/22/2010 | Registered |
| THANKYOU | Reg. 3,946,014 | Providing credit card services. | 02/22/2010 | Incontestable |
| CITI THANKYOU | Reg. 3,956,034 | Promoting the goods and services of others through administration of incentive reward and redemption programs by distributing rewards for credit and debit card use, and for banking and wealth management customer loyalty. | 06/22/2010 | Registered |
| CITIBUSINESS THANKYOU | Reg. 4,215,563 | Promoting the goods and services of others through administration of incentive reward and redemption programs by distributing rewards for credit card use.<br><br>Proving credit card services. | 03/18/2011 | Registered |
|  | Reg. 4,782,490 | Promoting the goods and services of others through administration of incentive reward and redemption programs by distributing rewards for credit and debit card use, and for banking and wealth management customer loyalty; advertising and marketing services provided by means of indirect methods of marketing communications, namely, social | 06/14/2013 | Registered |

| Mark | Registration Number | Services | Filing Date | Status |
|------|---------------------|----------|-------------|--------|
| | | media applications. Credit card services. | | |
| THANKYOU YOUR WAY | 4,745,268 | Promoting the goods and services of others through administration of incentive reward and redemption programs by distributing rewards for credit cards and debit card use, and for banking and wealth management customer loyalty; promoting the goods and services of others through credit card customer loyalty, reward and redemption programs. | 07.31.2013 | Registered |

19.     Citigroup's registrations referenced above are valid and subsisting, in full force and effect, and constitute *prima facie* and/or conclusive evidence of Citigroup's exclusive right to use the marks in commerce in the United States in connection with the services specified in the registrations.

20.     Additionally, Citigroup's registrations referenced above that are incontestable pursuant to the provisions of Section 15 of the Lanham Act, 15 U.S.C. § 1065, constitute conclusive evidence of the validity of those registrations.

21.     Citigroup has offered services under one or more of the THANKYOU Marks since at least as early as 2004.

22.     Citigroup has spent considerable time, effort and resources in advertising and promoting its services using its THANKYOU Marks.  Among other advertising and promotional activities, Citigroup has advertised its THANKYOU Marks on a continuous basis for many years in national media outlets and has partnered with well-known brands and retailers throughout the United States to advertise and publicize the services it offers under the THANKYOU Marks.

23.     Citigroup spends tens of millions of dollars annually on advertising and marketing related to the services it offers under the THANKYOU Marks.

24.     As a result of its longstanding and widespread use of the THANKYOU Marks, in addition to the federal registrations identified above, Citigroup has acquired significant common law rights in its THANKYOU Marks.

25.     As a result of Citigroup's longstanding, extensive, and widespread use, marketing and promotion of its THANKYOU Marks and services, Citigroup's THANKYOU Marks are widely recognized by the general consuming public as a designation of source for Citigroup's high quality financial services and customer loyalty, reward, incentive, and redemption programs.

## AT&T'S HISTORY OF COLLABORATION WITH CITIGROUP

26.     Citigroup has partnered and continues to partner with AT&T in connection with the promotion of Citigroup's THANKYOU customer loyalty, reward, and redemption programs. For example, customers of the AT&T Universal Card can earn THANKYOU points through Citigroup's THANKYOU program based on money spent on purchases made with their card. AT&T uses its trademarks alongside Citigroup's trademarks, including Citigroup's THANKYOU trademark, in connection with its advertising and promotion of the AT&T Universal Card.  Attached as Exhibit B is a page from the AT&T website regarding the AT&T Universal Card that discusses the partnership between AT&T and Citigroup and shows Citigroup's THANKYOU trademark alongside AT&T's trademarks.

27.     Since at least as early as 1998, Citigroup and AT&T have issued co-branded credit cards.  In or around 1998, Citigroup and AT&T launched the AT&T Universal Card.  In 2014, Citigroup and AT&T launched the AT&T Access Card and in 2015 they launched the AT&T Access More Card.  On all of these types of credit cards, Citigroup's trademarks appear

alongside AT&T's trademarks.  Attached as Exhibit C is a page from the AT&T website regarding the AT&T Universal Card that shows examples of two credit cards that are co-branded by Citigroup and AT&T.  Both of these credit cards show both Citigroup's logo and AT&T's logo.  Attached as Exhibit D is an example of marketing material for the AT&T Access More Card that discusses the co-branded card and shows an example of an AT&T Access More credit card on which both Citigroup's and AT&T's logos appear.

28.     There are approximately 1.7 million customers in the United States who have credit cards that are co-branded by Citigroup and AT&T.

29.     Citigroup and AT&T engage in extensive marketing and publicity efforts related to their co-branded credit cards, including through national advertising campaigns.

30.     As a result of Citigroup and AT&T's partnership and co-branding efforts and the marketing efforts associated therewith, consumers are accustomed to seeing the Citigroup and AT&T names and trademarks together and are familiar with the association between these two companies.

## AT&T's ADOPTION OF THE "thanks" and "AT&T thanks" TRADEMARKS

31.     In late March 2016, Citigroup became aware of AT&T's purported intent to use the AT&T THANKS trademark.  Shortly thereafter, Citigroup contacted AT&T to express its concern that the proposed AT&T THANKS trademark was confusingly similar to Citigroup's THANKYOU Marks.

32.     On April 7, 2016, after it was aware of Citigroup's concern about its use of the AT&T THANKS trademark, AT&T Intellectual Property II, L.P. filed an application with the USPTO to register the trademark AT&T THANKS in connection with "providing incentive award programs for customers for the purpose of promoting and rewarding loyalty" on an intent-to-use basis (the "AT&T THANKS Application").  A printout of the information regarding the

AT&T THANKS Application from the USPTO's Trademark Electronic Search System is attached as Exhibit E.

33.     After AT&T filed the AT&T THANKS Application, Citigroup and AT&T exchanged letters and engaged in additional telephone discussions regarding AT&T's planned use of the AT&T THANKS mark.  Citigroup again expressed its concern that the proposed AT&T THANKS mark was confusingly similar to Citigroup's THANKYOU Marks, particularly in light of the similarity between the services identified in the AT&T THANKS Application and Citigroup's THANKYOU loyalty, reward, and redemption programs.  While the parties were trying to resolve this matter, AT&T launched a customer appreciation program using the "thanks" and "AT&T thanks" trademarks.

34.     Specifically, on June 2, 2016, AT&T Inc. issued a press release announcing the launch of "AT&T thanks," which it describes as an appreciation program for its customers.  The press release describes several entertainment benefits that will be available to AT&T customers in the summer of 2016 and states that "surprise offers" and offers tailored to customers based on their services and packages with AT&T would be provided at a later date.  A copy of the press release is attached as Exhibit F.

35.     On June 2, 2016, AT&T Inc. also posted a page on its website describing the launch of the "AT&T thanks" program.  This page uses the following logo in connection with the description of the customer appreciation program.



Notably, in the logo used by AT&T, the term "thanks" appears on a different line and in a different color than the AT&T housemark.  The use of all lowercase letters and the font in which

the term "thanks" is written are similar to the manner in which Citigroup often presents its

THANKYOU Marks.  A copy of the page from AT&T's website is attached as Exhibit G.

36.     AT&T launched its customer loyalty program under the "thanks" and "AT&T

thanks" marks despite actual knowledge of Citigroup's substantial use of and exclusive rights in

the THANKYOU Marks as well as knowledge of Citigroup's concerns regarding AT&T's

proposed trademarks.

37.     Citigroup has not consented to or authorized Defendants to use the "thanks"

and/or "AT&T thanks" marks.

38.     AT&T's use of the "thanks" and "AT&T thanks" marks in connection with a

customer loyalty program is likely to cause confusion or mistake or deceive consumers into

thinking that AT&T and its products and/or services marketed using the "thanks" and "AT&T

thanks" marks are authorized by, or affiliated, connected or otherwise associated with Citigroup

and/or its services.

39.     The likelihood of consumer confusion or mistake or deception is exacerbated by

Citigroup and AT&T's history of co-branding credit cards and services and the use of

Citigroup's THANKYOU marks in connection with those co-branded credit cards and services.

40.     AT&T's conduct described above has left Citigroup with no option other than to

file this action to protect its valuable rights in its THANKYOU Marks and to prevent consumer

confusion.

41.     As a result of AT&T's unlawful conduct complained of herein, Citigroup has

suffered and will continue to suffer irreparable injury to its THANKYOU Marks and to the

goodwill and business reputation associated with its THANKYOU Marks.

42.     As a result of AT&T's unlawful conduct complained of herein, Citigroup has

been financially damaged and will continue to be damaged financially.

43.     As a consequence of AT&T's unlawful conduct, Defendants have also been unjustly enriched.

44.     AT&T's unlawful conduct is and continues to be knowing, deliberate and willful.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

45.     Citigroup incorporates by reference the allegations contained in paragraphs 1 through 44 of this Complaint.

46.     Defendants have, without the consent of Citigroup, used in commerce trademarks that are confusingly similar to Citigroup's THANKYOU Marks in connection with the sale, offering for sale, distribution and/or advertising of goods and/or services.

47.     Defendants' use of the "thanks" and "AT&T thanks" trademarks is likely to cause confusion or to cause mistake or to deceive consumers into thinking that Defendants and their products and/or services are authorized by, or affiliated, connected or otherwise associated with Citigroup and/or its services.

48.     The aforesaid acts of Defendants constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

49.     The aforesaid acts of Defendants have been intentional, willful and in bad faith.

50.     Citigroup has been and is likely to be damaged by Defendants' infringing and unlawful acts.

51.     The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Citigroup to suffer irreparable harm.

52.     Citigroup has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

**COUNT II**

**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

53.     Citigroup incorporates by reference the allegations contained in paragraphs 1 through 52 of this Complaint.

54.     The aforesaid acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants or Defendants' goods or commercial activities with Citigroup or its goods or services, or as to the origin, sponsorship, or approval of Defendants' goods or services by Citigroup.

55.     The aforesaid acts of Defendants constitute false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     The aforesaid acts of Defendants have been intentional, willful, and in bad faith.

57.     Citigroup has been and is likely to be damaged by Defendants' infringing and unlawful acts.

58.     The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Citigroup to suffer irreparable harm.

59.     Citigroup has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

**COUNT III**

**INJURY TO BUSINESS REPUTATION UNDER N.Y. GEN. BUS. L. § 360-l**

60.     Citigroup incorporates by reference the allegations contained in paragraphs 1 through 59 of this Complaint.

61.     Defendants' unauthorized use of the "thanks" and "AT&T thanks" marks in connection with the goods and/or services they provide has injured and continues to injure Citigroup's business reputation, in violation of N.Y. General Business Law § 360- l.

62.     The aforesaid acts of Defendants have been intentional, willful, and in bad faith.

63.     Citigroup has been and is likely to be damaged by Defendants' infringing and unlawful acts.

64.     The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Citigroup to suffer irreparable harm.

65.     Citigroup has no adequate remedy at law and is entitled to and seeks injunctive relief.

**COUNT IV**

**<u>DECEPTIVE TRADE PRACTICES UNDER N.Y. GEN. BUS. L. § 349</u>**

66.     Citigroup incorporates by reference the allegations contained in paragraphs 1 through 65 of this Complaint.

67.     Defendants' unauthorized use of the "thanks" and "AT&T thanks" marks in connection with the goods and/or services it provides is deceptive and misleading and is likely to damage the public.

68.     The aforesaid acts of Defendants have been intentional, willful, and in bad faith.

69.     Citigroup has been and is likely to be damaged by Defendants' infringing and unlawful acts.

70.     The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Citigroup to suffer irreparable harm.

71.     Citigroup has no adequate remedy at law and is entitled to and seeks injunctive relief.

## COUNT V

## <u>COMMON LAW TRADEMARK INFRINGEMENT</u>

72.     Citigroup incorporates by reference the allegations contained in paragraphs 1 through 71 of this Complaint.

73.     The aforesaid acts of Defendants constitute trademark infringement in violation of New York common law.

74.     The aforesaid acts of Defendants have been intentional, willful, and in bad faith.

75.     Citigroup has been and is likely to be damaged by Defendants' infringing and unlawful acts.

76.     The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Citigroup to suffer irreparable harm.

77.     Citigroup has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof.

## COUNT VI

## <u>COMMON LAW UNFAIR COMPETITION</u>

78.     Citigroup incorporates by reference the allegations contained in paragraphs 1 through 77 of this Complaint.

79.     The aforesaid acts of Defendants constitute unfair competition in violation of New York common law.

80.     The aforesaid acts of Defendants have been intentional, willful, and in bad faith.

81.     Citigroup has been and is likely to be damaged by Defendants' infringing and unlawful acts.

82.     The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Citigroup to suffer irreparable harm.

83.     Citigroup has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof.

WHEREFORE, Citigroup requests that the Court enter a final judgment against Defendants as follows:

a.     Preliminarily and permanently enjoining and restraining Defendants, their successors, agents and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from using Citigroup's THANKYOU Marks, any trademark that is comprised of or contains the term "thanks," or any trademark otherwise confusingly similar to Citigroup's THANKYOU Marks;

b.     ordering Defendants to destroy all labels, packaging, wrappers, signs, prints, banners, posters, brochures, or other advertising, marketing, or other promotional materials bearing the "thanks" or "AT&T thanks" trademark, or any trademark otherwise confusingly similar to Citigroup's THANKYOU Marks, and to remove and/or permanently disable  all Internet web sites, domain names, online advertising, marketing, promotions or other online materials bearing these marks;

c.     ordering Defendants to withdraw the AT&T THANKS Application and any future registrations for any name or mark derived from the THANKYOU Marks or confusingly similar to the THANKYOU Marks.

d.     ordering Defendant to file with the Court and serve on Citigroup's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

e.     declaring that Citigroup's THANKYOU Marks are strong and that Defendants' unauthorized use of the "thanks" and "AT&T thanks" marks infringes Citigroup's THANKYOU Marks;

        f.      declaring that Defendants' infringement was knowing, intentional, and willful;

        g.      awarding Citigroup compensation for any and all damages, injury or harm incurred as a result of Defendants' unlawful conduct;

        h.      ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendants as a result of their wrongful conduct;

        i.      awarding Citigroup treble damages resulting from Defendants' willful and intentional conduct;

        j.      awarding Citigroup punitive and exemplary damages;

        k.      assessing Citigroup's costs of this action and Citigroup's attorneys' fees against Defendants; and

        l.      ordering or awarding any other such relief the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Citigroup hereby makes demand for a trial by jury on all issues triable to a jury.


|                          |     | Respectfully submitted,                                      |
|--------------------------|-----|--------------------------------------------------------------|
| Dated: June 10, 2016     | By: | s/ J. Kevin Fee                                              |
|                          |     | J. Kevin Fee (NY Bar No. 2777639)                            |
|                          |     | Jordana S. Rubel (*pro hac vice* motion forthcoming)         |
|                          |     | Jane W. Wise (*pro hac vice* motion forthcoming)             |
|                          |     | MORGAN, LEWIS, & BOCKIUS LLP                                 |
|                          |     | 1111 Pennsylvania Avenue, NW                                 |
|                          |     | Washington, DC  20004                                        |
|                          |     | Phone: 202.739.5353                                          |
|                          |     | Facsimile: 202.739.3001                                      |
|                          |     |                                                              |
|                          |     | *Counsel for Citigroup Inc.*                                 |