# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIGROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> AT&T INC.; AT&T SERVICES, INC.; AT&T INTELLECTUAL PROPERTY LLC; and AT&T INTELLECTUAL PROPERTY II, L.P., <br><br> Defendants. | CASE NO. 1:16-cv-04333-KBF-RLE |

**CITIGROUP INC.'S**
**FIRST SET OF EXPEDITED REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff Citigroup Inc. ("Citigroup" or "Plaintiff"), by and through counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, requests that Defendant AT&T Inc. ("AT&T" or "Defendant"), produce for inspection and copying the below-identified documents in AT&T's possession, custody, or control. Production should be made within ten (10) calendar days of service hereof to the office of Morgan, Lewis & Bockius LLP, 1111 Pennsylvania Avenue, N.W., Washington D.C. 20004, or to such other place as may be mutually agreed upon.

The following Definitions and Instructions apply to each Interrogatory:

**DEFINITIONS AND INSTRUCTIONS**

**A.     Definitions**

1.     **Document.**  The term "document" shall be construed as broadly as it appears in Federal Rule of Civil Procedure 34(a) and includes, but is not limited to, all of the following matter in AT&T's actual or constructive possession, custody, or control:  all written, typed,

1

printed, digitally or electronically recorded, graphic or photographic matter, software, source code, object code, communications including, intra-company or inter-company communications and correspondence, electronic mail, telegrams, and telefaxes, however produced or reproduced, any notes or drafts, and all copies on which any mark, alteration, writing, or any other change from the original has been made.  The term "document" includes, by way of example and not by way of limitation, patents, patent applications, reports, compilations, data, diaries, work papers, graphs, charts, drawings, sketches, directions, instruction books, books and booklets, texts, memoranda, letters and other correspondence, sales and promotional literature, brochures, press releases, forms, written offers for purchase or sale, written contracts, licenses, and sales agreements, ledgers, archive records, minutes or records of meetings, conferences, or telephone conversations including, lists of persons attending the meetings or conferences, legal pleadings or filings, expired files, and information that have been electronically stored or recorded including, voice mail and electronic mail.

2.  **Refer or Relate to.**  The phrase "refer or relate to" means pertaining to, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, concerning, or referring to, whether directly or indirectly.

3.  **Person.**  The term "person" means any natural person or individual, public and/or private corporation, partnership, proprietorship, joint venture, group, division, department, unit, organization, union, federation, government of any kind or type, governmental agency, and any other kind of business, legal or governmental entity or association.

4.  **Parties.**  The terms "Defendant" "AT&T" and "You" shall mean AT&T Inc. and any subsidiary of AT&T Inc., as well as independent contractors, attorneys, or investigators

acting on behalf of AT&T Inc. and/or its subsidiaries.  "Plaintiff" and "Citigroup" shall mean Citigroup Inc.

5.     **Third Parties**.  The terms "third party" or "third parties" shall mean all persons, individuals, corporations, partnerships and other entities of any kind which are not parties to this proceeding, including, without limitation, competitors, customers and investors, as well as all persons acting on behalf of such third parties, including, without limitation, their officers, agents, employees and attorneys.

6.     **PTO.**  The term "PTO" shall mean the United States Patent and Trademark Office.

7.     **AT&T's Mark or AT&T thanks.**  The phrases "AT&T's Mark" or "AT&T thanks" shall mean the marks "thanks" and/or "AT&T thanks" and any variation thereof, alone or in combination with other words and/or design elements.

8.     **AT&T's Application.**  The phrase "AT&T's Application" refers to Application Serial No. 86/967,249 to register the mark AT&T THANKS that was filed by AT&T Intellectual Property II, L.P. with the PTO.

9.     **Citigroup's THANKYOU Marks and Registrations.**  Unless otherwise indicated, the phrase "Citigroup's THANKYOU Marks" shall mean the marks consisting of and/or containing the term THANKYOU that Citigroup has adopted and used as trademarks, including, the marks depicted in the following: Registration Nos. 3,249,982; 3,948,111; 4,432,766; 3,946,014; 3,956,034; 4,215,563; 4,782,490; 4,745,268.  These registrations are referred to as "Citigroup's THANKYOU Registrations."

10.    **Use.**  The term "use" refers to actual use in commerce as defined in 15 U.S.C. § 1127.

11.     **Advertisement.**  The term "advertisement" includes brochures, pamphlets, newspaper advertisements, magazine advertisements, television advertisements, digitized or electronic advertising including, World Wide Web pages, banner advertisements, radio advertisements, direct mailings, newsletters, promotional materials and all other forms of advertising, promotion or marketing in any and all media.

12.     **Thing**.  The term "thing" is used in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure and includes, but is not limited to, prototypes, models, specimens, or other devices, and commercially manufactured items.

13.     **Communications.**  The term "communications" means any transmission, conveyance or exchange of information, whether written, oral or by other means.

14.     **Identify.**  The term "identify" means a detailed description of the person, place, thing or information requested.

15.     **Identify (With Respect to Persons)**.  When referring to a person, "to identify" means to give, to the extent known:

(a)     In the case of a natural person or individual, state:

   i.    the full name of the person;

   ii.   the person's present business address and business telephone number, or the last known business or current home address and telephone numbers if the present business addresses and telephone numbers are unknown;

   iii.  the person's current and last known employer or business affiliation; and

   iv.   the person's current occupation and business position held; and

(b)     In the case of a person that is an entity, state:

   i.    the entity's full name;

    ii.  the entity's present business address and telephone number, or the last known such address and telephone number if the present address and telephone number are unknown; and

    iii.  the services it offers and/or the products it manufactures, distributes or sells.

Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

  16.  **Identify (With Respect to Documents).**  When referring to documents, "to identify" means to give, to the extent known:

    (a)  the type of document (<u>e.g.</u>, letter, photograph, etc.);

    (b)  its author(s) or originator(s) including, but not limited to, the names of each and every person who wrote, signed, initialed or otherwise participated in the creation of the document;

    (c)  its addressee(s), recipient(s), and any other person(s) to whom it was directed;

    (d)  the date it was made;

    (e)  its exact language or text (to the best that it can be recalled), subject matter, substance, and content;

    (f)  its present location and the identity of the person(s) having possession, custody, or control thereof; and

    (g)  if it is no longer in existence or in the party's control, the disposition that was made of it, the circumstances surrounding such disposition and its present location or the location of any copies known to the party.

17.     **Identify (With Respect to a Geographic Area).**  When referring to a geographic area, the term "identify" means to indicate the state, county, municipality, township, village, or other governmental unit that provides the most specific identification for the geographic area.

B.      **Rules of Construction**

1.      **And/Or.**  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2.      **Plural/Singular.**  The plural of a word shall include the singular and the singular of a word shall include the plural.

3.      **Verb tense.**  The past tense of a verb shall include the present, and the present tense of a verb shall include the past.

C.      **Instructions**

1.      No part of a request shall be left unanswered merely because an objection is interposed to another part of the request.

2.      If any of the requests cannot be responded to in full, please respond to the extent possible and state with particularity the reason(s) why a more complete response cannot be provided.

3.      In answering these requests, you are required not only to furnish such documents and things as you have in your own personal possession, custody or control, but also documents and things which are in the possession, custody or control of your attorneys, investigators, or anyone acting on your behalf or their behalf.  If, after having consulted all the aforementioned persons, you are unable to fully respond to any request or portion thereof, describe in detail your efforts to obtain the documents or things sought by the request or portion thereof.

4. Where an objection is made to any request or sub-part thereof, the objection shall state with specificity all grounds on which the objection is based.

5. Where a claim of privilege is asserted in objecting to any request or subpart thereof, and a response is not provided on the basis of such assertion:

> (a) the attorney asserting the privilege shall, in the objection to the request, or sub-part thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state privilege rule being invoked;
>
> (b) the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:
>
>> i. for documents: (1) the type of document including, the manner of recording or reproduction; (2) the subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other; (6) to whom indicated or blind copies of the document are addressed; (7) the number of pages, attachments, or appendices of the document; (8) all persons to whom the document was distributed, shown, or explained; (9) the present custodian of the document; and (10) such other information as is sufficient to identify the document for a subpoena duces tecum; and

    ii. for oral communications:  (1) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (2) the date and place of communication; and (3) the subject matter of the communication.

6. In the event that any document called for by these requests has been destroyed in the past three years, that document is to be identified as follows:  form (e.g., memorandum, letter), nature (e.g., writing, recording), manner of recording or reproduction, author or preparer or addressor, addressee or recipient, indicated or blind copies, date, subject matter, number of pages, attachments and appendices, all persons to whom distributed, shown or explained, date of destruction, manner of destruction, reason for destruction, person who authorized destruction, person who destroyed the document, and custodian of the document on the date and time of destruction.

7. These requests shall be deemed to be continuing so that any additional documents or things responsive to these requests which you may acquire, or which may become known to you, shall be furnished to Plaintiff as required by Federal Rule of Civil Procedure 26(e).  Such supplemental documents or things are to be supplied promptly with a designation as the request to which it is responsive.

## DOCUMENTS AND THINGS TO BE PRODUCED

<u>REQUEST NO. 1</u>: All documents that relate to AT&T's selection of AT&T's Mark.

<u>REQUEST NO. 2</u>: Copies of all trademark searches and/or search reports conducted in the process of selecting AT&T's Mark.

REQUEST NO. 3:     All documents that relate to communications that relate to trademark and/or search reports conducted in the process of selecting AT&T's Mark.

REQUEST NO. 4:     All documents concerning any of Citigroup's THANKYOU Registrations or Citigroup's THANKYOU Marks.

REQUEST NO. 5:     Documents sufficient to identify each trademark or brand that AT&T or its agents or consultants suggested or considered for a consumer loyalty or rewards program to be launched in 2016.

REQUEST NO. 6:     All documents that relate to each of the features of AT&T's incentive reward program, including all rewards, opportunities, and/or benefits that may be made available to customers, that AT&T or its agents or consultants ever considered or proposed in connection with the "AT&T thanks" program.

REQUEST NO. 7:     All documents related to communications with third parties with whom AT&T has entered into an agreement or discussed the possibility of entering into an agreement to provide rewards, opportunities and/or benefits to its customers in connection with the "AT&T thanks" program.

REQUEST NO. 8:     All advertising, marketing, and/or promotional materials, including, but not limited to, print advertisements, television advertisements, store displays, banner advertisements, websites and billboards regarding the "AT&T thanks" program that AT&T has already used, plans to use, or has considered using.

REQUEST NO. 9:     All branding guidelines relating to any products and/or services co-branded by AT&T and Citigroup.

REQUEST NO. 10:    To the extent AT&T is relying on an advice of counsel defense, all documents reflecting communications with its counsel that relate to the development, selection and/or advertisement of AT&T's mark and/or the "AT&T thanks" program.

REQUEST NO. 11:    All documents that relate to any market research and/or surveys, including the results thereof, conducted by AT&T or caused to be conducted on Your behalf (whether for marketing, litigation, or other purposes) that refer or relate to: (i) Citigroup; (ii) any of Citigroup's THANKYOU Marks; (iii) AT&T's Mark, including without limitation the commercial impression of the designation; and (iv) any likelihood of confusion between AT&T's Mark and any of Citigroup's THANKYOU Marks.

REQUEST NO. 12:     All documents that relate to any instances of actual, apparent, or possible confusion, mistake or deception by any person regarding the affiliation, sponsorship, or relationship between AT&T and Citigroup and/or the source of the "AT&T thanks" program and Citigroup's THANKYOU program, including all communications that You have received regarding the THANKYOU program since June 2, 2016 from anyone other than Citigroup.

REQUEST NO. 13:    All documents that relate to AT&T's decision to change the logo, including the colors, the capitalization, and the spacing between words, that it uses in connection the "AT&T thanks" program on the website located at http://www.att.com/att/thanks/en/index.html after June 6, 2016.

REQUEST NO. 14:     All documents identified in response to Citigroup's Interrogatories.

Dated: June 24, 2016                     Respectfully submitted,

                                         By: s/ J. Kevin Fee
                                         J. Kevin Fee
                                         Jordana S. Rubel
                                         Jane W. Wise
                                         MORGAN, LEWIS, & BOCKIUS LLP
                                         1111 Pennsylvania Avenue, NW
                                         Washington, DC  20004
                                         Phone: 202-739-3000

                                         *Counsel for Plaintiff Citigroup Inc.*