# Morgan Lewis

**J. Kevin Fee**
Partner
+1.202.739.5353
kevin.fee@morganlewis.com

July 1, 2016

**BY HAND DELIVERY**

Hon. Katherine B. Forrest
United States District Court Judge
District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Citigroup Inc. v. AT&T Inc.,* 1:16-cv-04333

Dear Judge Forrest:

As you know, I represent Citigroup Inc. in the above-captioned case.

Pursuant to your Order of June 29, 2016, Jordana Rubel and I met and conferred with Dale Cendali and Daniel Bond, counsel for Defendants, regarding potential dates in the fall for a combined preliminary and permanent injunction proceeding with the understanding that the Court has not yet determined if such a proceeding will occur.

After a brief conversation in which I proposed a combined hearing in early-to-mid September and AT&T's counsel proposed a combined hearing beginning October 31st, the parties agreed to give some more thought to each other's proposal.  Shortly before 5 p.m. yesterday, AT&T's counsel advised me that AT&T would no longer discuss potential dates for a combined hearing during the fall, as directed by Your Honor.  Instead, AT&T now takes the position that either the Court should hold a hearing on the preliminary injunction without providing Citigroup an opportunity for limited discovery or that fact discovery should last until at least the end of October, presumably followed by expert disclosures, potential summary judgment motions, and a trial in mid-2017.

Having considered AT&T's position, Citigroup respectfully reiterates its request for expedited discovery and a hearing on the preliminary injunction motion in mid-August.

The Court has no doubt confirmed at this time that there is no line of cases holding that trademark infringement plaintiffs who seek preliminary injunctions are not entitled to expedited discovery.  There is therefore no justification for denying Citigroup's request for limited expedited discovery.  While it is hardly surprising that AT&T prefers to defend its conduct at the preliminary injunction hearing without being subject to discovery, AT&T has never suggested that any of Citigroup's discovery requests were irrelevant or that any specific requests were unduly burdensome.  Nor has AT&T identified any reason why this Court should decide the preliminary injunction motion without

Hon. Katherine B. Forrest
July 1, 2016
Page 2

the benefit of a more complete picture of (1) the scope of services to be offered under the "thanks" or "AT&T thanks" mark; (2) any evidence of actual confusion; or (3) AT&T's adoption and intent in adopting the "thanks" mark. On the other hand, AT&T's conduct makes it abundantly clear that it has decided that its case will not improve if it has to explain the information that will be disclosed during discovery.

If Your Honor orders expedited discovery followed by a preliminary injunction hearing in August, we are confident that the parties will be able to work out a reasonable schedule. Prior to the hearing on Wednesday, the parties were very close to reaching agreement on two different schedules that could accommodate expedited discovery in advance of a hearing in mid-to-late August.

While we believe proceeding with expedited discovery in advance of a preliminary injunction is the best way to resolve that motion, it is also possible to proceed with discovery using the regular deadlines for responding to discovery while still having a preliminary injunction hearing in late August or early September that will be informed by at least some discovery. During the status conference on Wednesday, Your Honor indicted that the parties could serve non-expedited discovery as of the date of that conference. As a result, Citigroup intends to serve non-expedited discovery on the defendants today. We will hand deliver those discovery requests, so the defendants' responses will be due on August 1, 2016. Even if we assume that there will be some limited delays or disputes, the parties should be able to proceed with a preliminary injunction hearing informed by some discovery by late August or early September at the latest.

As indicated above, Citigroup prefers to address the preliminary injunction motion with the benefit of expedited discovery, as is frequently done in trademark cases, because it will lead to a quicker initial resolution than a consolidated preliminary injunction hearing and trial. For this reason, Citigroup has not filed a motion for an expedited trial, as AT&T notes. However, Citigroup also acknowledges that Federal Rule of Civil Procedure 65(a)(2) gives Your Honor the discretion to consolidate the preliminary injunction hearing with the trial on the merits at any time before or during the beginning of the hearing on a motion for a preliminary injunction. AT&T argues that Your Honor should not consolidate the preliminary injunction hearing with the final trial on the merits based on *Milk Studios, LLC v. Samsung Electronics Co.*, No. 14-CV-09362 (PAC), 2015 WL 1402254 (S.D.N.Y. Mar. 26, 2015), but the plaintiff in that case had never even filed a motion for a preliminary injunction. In fact, the court in *Milk Studios* denied the request for an expedited trial in large part based on the fact that the plaintiff had not sought a preliminary injunction. Moreover, as I explained at the hearing, the notion that Citigroup unduly delayed in pursuing this case is simply incorrect. As far as Citigroup was aware, the parties were negotiating in good faith to resolve this dispute until AT&T's in-house counsel advised Citigroup at 5:53 p.m. on June 1, 2016 that AT&T was announcing the "thanks" program the following morning. Thus, AT&T's first act of infringement took place the following day, on June 2, 2016. Following some additional settlement discussions, Citigroup filed the complaint eight days after AT&T's first act of infringement, and it filed the preliminary injunction motion two weeks later. Judges in this Court uniformly hold that filing a complaint within eight days of the first act of infringement and filing a preliminary injunction motion two weeks later is not an undue delay. Edleman & Sunderji, "Delay in Filing Preliminary Injunction Motions: 2015 Edition," *The Trademark Reporter*, Vol. 5 No. 5 at 1015 (available at http://www.inta.org/TMR/Documents/Volume%20105/TMR_Vol105_No5_Edelman_Sunderji.pdf) (study of cases seeking preliminary injunctions concluding that "a delay of three months or fewer will not impede the grant of a preliminary injunction"); *id. at* 1043 ("The period of delay is properly

Hon. Katherine B. Forrest
July 1, 2016
Page 3

measured from the time the plaintiff knew or should have known about the infringing conduct to the date the plaintiff filed the motion for a preliminary injunction.").

While AT&T suggests that an expedited trial on the merits is unworkable, it offers little explanation for this assertion other than its counsel's involvement in a case scheduled for a one-week trial beginning on October 3, 2016. AT&T's position that it cannot be prepared for a trial at any time in the fall because of the need to conduct full fact and expert discovery is contradictory to AT&T's counsel's statements at Wednesday's hearing that it did not need any discovery to demonstrate its position that there is no likelihood of confusion. Assuming that AT&T's counsel's other case is not settled or otherwise resolved in the next few months, that trial may make scheduling slightly more complicated. However, ATT's counsel's one-week trial hardly justifies postponing the trial in this case until mid-2017. In addition, AT&T acts surprised by the notion of a jury trial in this case, but the caption of the complaint clearly states "JURY TRIAL DEMANDED." Finally, AT&T suggests that an expedited trial would effectively deny it of its right to seek summary judgment, which AT&T claims is "commonly granted in trademark cases." Your Honor expressly rejected this very notion in *Guthrie Healthcare Sys. v. ContextMedia, Inc.*, No. 12 CIV. 7992 KBF, 2014 WL 185222, at *9 (S.D.N.Y. Jan. 16, 2014) (Forrest, J.). In that case, Your Honor recognized that "[d]isputes between parties as to trade-mark validity and infringement can rarely be determined satisfactorily on a motion for summary judgment." *Id.* (quoting *Dan–Foam A/S v. Brand Named Beds, LLC,* 500 F. Supp. 2d 296, 305 (S.D.N.Y. 2007) (quoting *Marcus Breier Sons v. Marvlo Fabrics,* 173 F.2d 29, 29 (2d Cir. 1949))).

In sum, the quickest and most meaningful way to address the pending motion for a preliminary injunction is to grant Citigroup's motion for expedited discovery and to schedule a hearing on the motion for a preliminary injunction for mid-to-late August. But even if Your Honor is not inclined to order expedited discovery, in light of Your Honor's decision permitting the parties to serve discovery as of Wednesday, the parties can proceed with a preliminary injunction hearing informed by regular discovery in late August or early September. As a result, there is simply no reason to deny Citigroup the ability to seek injunctive relief with the benefit of discovery in August or early September.

Respectfully submitted,

J. Kevin Fee

JKF